IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. HURLBERT, | ) | |
|     Petitioner, | ) | Civil Action No. 13-72 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH, et al., | ) | |
|     Respondents. | ) | |

### OPINION AND ORDER[1]

Before the Court is a petition for a writ of habeas corpus filed by Donald J. Hurlbert pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Because he was not "in custody" at the time he filed the petition, this Court lacks subject matter jurisdiction and the petition must be summarily dismissed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases.

**I.**

**A.**    **Discussion**

Hurlbert commenced this case on or around March 12, 2013, by filing a petition for a writ of habeas corpus on the standard form for petitions filed pursuant to 28 U.S.C. § 2254. On the form where he was asked to name his "Place of Confinement," Hurlbert wrote "N/A." He did not state that he is being held in the custody of any state or local official, and his address of record is not that of any prison or correctional institution. Where he was asked to identify the "authorized person having custody of" him, he wrote the "Commonwealth of Pennsylvania," and not, for example, a prison warden or a parole officer. Hurlbert also stated that he is challenging a judgment entered in "Magisterial District Court 06-

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the petitioner has voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

2-02" for "Public Drunkenness and Similar Misconduct." When asked to identify his "length of sentence," he wrote "Unknown."

Pennsylvania's Unified Judicial System provides online access to the docket sheets for some cases, and this Court may take judicial notice of those public dockets. A review of them has established that Magisterial District Judge 06-2-02, Paul Manzi, had the following case before him: Commonwealth v. Hurlbert, No. MJ-06202-NT-1045-2012, and that on November 2, 2012, a non-traffic citation was filed against Hurlbert. On or around December 6, 2012, after a summary trial, Judge Manzi found Hurlbert guilty of "Public Drunkenness and Similar Misconduct." A sentence was imposed that day. There is nothing on the docket, or in the petition itself, to indicate that a custodial sentence was imposed.

28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). See also id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that … ") (emphasis added). In light of this language, the Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971). It explained:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S.Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

Id. at 560 (footnote omitted). See also Brian R. Means, Federal Habeas Manual § 1:3 (June 2012) ("The custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)). The Court of Appeals for the Third Circuit also has explained that "[i]n making a custody determination, a court looks to the date that the habeas petition was filed." Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997). See also Federal Habeas Manual § 1:4 ("In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court.") (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

There is nothing in either the petition or the docket sheet for Commonwealth v. Hurlbert, No. MJ-06202-NT-1045-2012 that demonstrates that when Hurlbert filed the petition that he was "in custody." Indeed, there is nothing that indicates that Judge Manzi imposed a custodial sentence after he assessed Hurlbert guilty of "Public Drunkenness and Similar Misconduct." Thus, the Court must conclude that Hurlbert is not "in custody" within the meaning of 28 U.S.C. § 2254 and this case must be dismissed for lack of jurisdiction.

### B.   Certificate of Appealability

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the petition should be summarily dismissed. Accordingly, a certificate of appealability will be denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is summarily dismissed and a certificate of appealability is denied. An appropriate Order follows.

Dated: March 26, 2013
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**DONALD J. HURLBERT,** )
       **Petitioner,** )       **Civil Action No. 13-72 Erie**
        )
       **v.** )
        )       **Magistrate Judge Susan Paradise Baxter**
**COMMONWEALTH, et al.,** )
       **Respondents.** )

## ORDER

AND NOW, this 26th day of March, 2013;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED.

The Clerk of Courts is directed to close this case.

                                /s/ Susan Paradise Baxter
                                SUSAN PARADISE BAXTER
                                United States Magistrate Judge